IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DANIEL SINIARD, Administrator of | ) | |
| the Estate of DEBORAH S. SINIARD | ) | |
| deceased, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| v. | ) | CASE NO.: 2:08cv14-MEF |
| | ) | |
| FORD MOTOR COMPANY; *et al.,* | ) | (WO- Recommended for Publication) |
| | ) | |
| DEFENDANTS. | ) | |

## MEMORANDUM OPINION AND ORDER

This cause is before the Court on the Motion to Remand (Doc. # 6) filed on January 7, 2008 by Plaintiff.   The defendants had removed this action from the Clayton Division of the Circuit Court of Barbour County, Alabama pursuant to 28 U.S.C. § 1441(a).  Defendants contend that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a).  After careful consideration of the applicable law and the arguments of counsel on the many issues raised by the motion to remand, the Court finds that the motion to remand is due to be GRANTED.

### FACTUAL AND PROCEDURAL BACKGROUND

This is a product liability case arising out of a motor vehicle accident in Alabama on April 5, 2006, which claimed the life of a Tennessee resident citizen named Deborah S. Siniard.  The Administrator of her estate brought suit against the manufacturer of the vehicle, Ford Motor Company ("Ford") a corporate citizen of Delaware and Michigan, and against

the Tennessee automobile dealership from which the vehicle was purchased.  Although the accident is alleged to have occurred in Montgomery County, Alabama, Plaintiff filed suit in the Clayton Division of the Circuit Court of Barbour County, Alabama.

Ford filed a Notice of Removal (Doc. # 1) on January 3, 2008.  It argued that this Court had subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1332(a).[1]  In so arguing, Ford claimed that the Tennessee dealership had been fraudulently joined as a defendant to the action and that without its presence diversity of citizenship exists in this case.  Furthermore, Ford argued that the amount in controversy in this case exceeds $75,000 exclusive of interest and costs.  Ford acknowledged that the Complaint does not contain a specific damage request, but noted that Plaintiff sought compensatory and punitive damages for the wrongful death of Deborah Siniard.  As evidence that the claim in this case necessarily exceeded $75,000, Ford asserted that other Alabama courts have routinely entered wrongful death verdicts in excess of $75,000 in product liability claims.  In support of this proposition, Ford listed numerous cases from various courts within Alabama which resulted in plaintiffs' verdicts in wrongful death cases each of which exceeded $75,000.

---

[1]  The Court is aware that Paragraph 20 of the Notice of Removal (Doc. # 1) states that "[t]his action is being removed pursuant to 28 U.S.C. § 1441 *et seq.*, inasmuch as this action could have originally been brought in this Court pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1331."  The Court assumes that the reference to 28 U.S.C. § 1331 in this one paragraph is a typographical error.   The Court assumes this because there is no explanation of any basis for subject matter jurisdiction pursuant to 28 U.S.C. § 1331 included anywhere in the Notice of Removal and because there is never any argument made in opposition to the motion to remand based on an of subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

## DISCUSSION

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994); *Wymbs v. Republican State Executive Comm.*, 719 F.2d 1072, 1076 (11th Cir. 1983).  As such, federal courts only have the power to hear cases that they have been authorized to hear by the Constitution or the Congress of the United States. *Kokkonen*, 511 U.S. at 377.

Among the cases over which a federal district court may exercise subject matter jurisdiction are civil actions in which only state law claims are alleged if the civil action arises under the federal court's diversity jurisdiction. *See* 28 U.S.C. § 1332(a).  The diversity statute confers jurisdiction on the federal courts in civil actions "between citizens of different states," in which the jurisdictional amount, currently *in excess of $75,000*, is met. *Id.*

When a case is originally filed in state court, a party may remove it if the case originally could have been brought in federal court. *See* 28 U.S.C. § 1441(a).  *Accord, Lowery v. Alabama Power Co.,* 483 F.3d 1184, 1207 (11th Cir. 2007) ("the party seeking a federal venue must establish the venue's jurisdictional requirements" and therefore removing defendants bear that burden in the context of a motion to remand).  However, the non-moving party may move for remand, which will be granted if "it appears that the district court lacks subject matter jurisdiction."  *See* 28 U.S.C. § 1447(c).  Because removal jurisdiction raises significant federalism concerns, "removal statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." *Burns*,

31 F.3d at 1095.

Recently the Eleventh Circuit Court of Appeals provided significant clarification of "existing principles of law governing removal generally - who bears the burden of establishing that removal is proper, how that party can satisfy its burden, and how a district court must proceed in evaluating its jurisdiction after removal." *Lowery*, 483 F.3d at 1187. Although *Lowery* arose in the context of a removal pursuant to the Class Action Fairness Act of 2005 ("CAFA"), it is quite plain from the text of *Lowery* that the holdings of the case are not limited solely to cases removed under CAFA.  In *Lowery*, the Eleventh Circuit Court of Appeals reiterated that in cases, such as this one, where the complaint does not specify the amount of damages sought, "the removing party bears burden of establishing the jurisdictional amount by a preponderance of the evidence." 483 F.3d at 1208-09, 1210.  The Court cautioned, however, that "[i]f the jurisdictional amount is either stated clearly on the face of the documents before the court, or readily deducible from them, then the court has jurisdiction.  If not, the court must remand.  Under this approach, jurisdiction is either evident from the removing documents or remand is appropriate."  Indeed, "in assessing the propriety of removal, the court considers the documents received by the defendant from the plaintiff - be it the initial complaint or a later received paper- and determines whether that document and the notice of removal unambiguously establish federal jurisdiction." *Id.* at 1213.  The defendant and the court may not speculate about the amount in controversy, nor should "the existence of jurisdiction" be "divined by looking to the stars." *Id.* at 1215.  Importantly, the

*Lowery* court stated that it is

> highly questionable whether a defendant could ever file a notice of removal on diversity grounds in a case such as the one before us - where the defendant, the party with the burden of proof, has only bare pleadings containing unspecified damages on which to base its notice- without seriously testing the limits of compliance with Rule 11.  Unlike the typical plaintiff who originally brings a diversity action in federal court, the removing defendant generally will have no direct knowledge of the value of plaintiff's claims.

*Id.* at 1215.  "When a plaintiff seeks unliquidated damages and does not make a specific demand, therefore, the factual information establishing the jurisdictional amount must come from the plaintiff."  *Id.* at1215.  Indeed, the *Lowery* court specifically rejected a removing defendant's attempt to satisfy its burden of proving amount in controversy by reliance on jury verdicts in other supposedly similar cases.  *Id.* at 1189, 1220-21.

For obvious reasons, *Lowery* is a cornerstone for Plaintiff's arguments in support of the motion to remand.  Initially, Ford argued that *Lowery* was distinguishable.  The Court finds those arguments to be unpersuasive.  More recently, Ford appeared to conceded that an application of the principles in *Lowery* would require remand of this case, but argued that this Court should deny the motion to remand because the United States Supreme Court might grant a writ of *certiorari* in the *Lowery* case.   Ford pointed out that the Eleventh Circuit Court of Appeals has stayed the mandate in the *Lowery* case.  While this Court agrees that the precepts set forth in *Lowery* require the remand of this case which was removed on nothing more than speculation about the amount in controversy, the Court cannot agree that it has the option of ignoring *Lowery* until after the mandate issues or the Supreme Court

addresses that case.  It is well-settled that *Lowery* is binding on this Court even though the mandate has not issued and even if the United States Supreme Court were to grant *certiorari* in *Lowery*.  *See, e.g., Marin v. Singletary*, 965 F.2d 944, 945 (11th Cir. 1992).  Thus, because Ford has failed to carry its burden of establishing the jurisdictional amount by a preponderance of the evidence.  This finding alone requires remand of this case. Consequently, the Court need not and will not address the merits of the other arguments made in support of or in opposition to the motion to remand.

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED as follows:

1.     Plaintiff's Motion to Remand (Doc. # 2) is GRANTED.

2.     This case is REMANDED to the Clayton Division of the Circuit Court of Barbour County, Alabama.

3.     The Clerk is DIRECTED to take appropriate steps to effect the remand.

4.     All motions other than the Motion to Remand are left for resolution by the Circuit Court of Barbour County after remand.

DONE this the 22nd day of May, 2008.

_____/s/ Mark E. Fuller_____
CHIEF UNITED STATES DISTRICT JUDGE